THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 William Andrew
 Lee, Appellant.
 
 
 

Appeal From Spartanburg County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2011-UP-369  
 Submitted May 1, 2011  Filed July 14,
2011

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Brendan J. McDonald, all of Columbia, and
 Solicitor Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: William Andrew Lee was tried and convicted for the
 murder and attempted armed robbery of Harvey Wells at a car wash in Spartanburg
 County in 2008.  Lee contends the trial court committed reversible error by
 allowing a police officer to testify that Wells told him "two people"
 were involved in the shooting and attempted robbery because this evidence was
 inadmissible hearsay, not a dying declaration.  We affirm[1] pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: State v. Crocker, 366 S.C. 394, 408, 621 S.E.2d 890, 897 (Ct. App. 2005) ("The
 admission or exclusion of evidence is a matter within the sound discretion of
 the trial court and [,] absent clear abuse, will not be disturbed on
 appeal."); Rule 804(b)(2), SCRE (stating an exception to the hearsay rule
 exists "[i]n a prosecution for homicide or in a civil action or
 proceeding," when the declarant's statement was made "while believing
 that the declarant's death was imminent, concerning the cause or circumstances
 of what the declarant believed to be impending death."); State v.
 McHoney, 344 S.C. 85, 93, 544 S.E.2d 30, 33 (2001)  ("A declarant does
 not have to express, in direct terms, his awareness of his condition for his
 statement to be admissible as a dying declaration. The necessary state of mind
 can be inferred from the facts and circumstances surrounding the
 declaration.").  
AFFIRMED.  
SHORT,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.